UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
G.W. and D.W., individually, and as parents of
B.W., a minor under the age of 18 years,

                Plaintiffs,                      **DECLARATION**

           -against-                      Case No. 11 CIV 8208 (ER) (GAY)

RYE CITY SCHOOL DISTRICT,

                Defendant.
------------------------------------------------------------------X

      RALPH C. DeMARCO, an attorney duly admitted to the practice of law before this Court and the courts of the State of New York, hereby declares under penalty of perjury as follows:

      1.    I am a member of the law firm of KEANE & BEANE, P.C., attorneys for the DEFENDANT, RYE CITY SCHOOL DISTRICT (hereinafter "DISTRICT"), in this matter and, as such, I am fully familiar with the facts and circumstances of the within lawsuit.

      2.    I submit this Declaration on behalf of the DISTRICT in support of its Cross Motion for Summary Judgment dismissing the Complaint, dated and filed November 14, 2011, which was brought by the PLAINTIFFS, G.W. and D.W., (hereinafter collectively "PARENTS" or individually "MR. W" or "MRS. W") on behalf of their son, B.W., against the DISTRICT.

      3.    This action has been brought by the PARENTS for judicial review of an administrative determination of the New York State Office of State Review for the New York State Education Department pursuant to the provisions of the Federal Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §1415(i)(2)(A). Specifically, the PARENTS seek various relief as requested in the PLAINTIFFS' Complaint, dated and filed on November 14, 2011, against the DISTRICT in connection with the Decision, dated July 20, 2011, in which the State Review Officer ("SRO") ruled in favor of the DISTRICT and annulled the portions of the underlying Impartial Hearing Officer's Findings of Fact and Decision, dated

May 4, 2011, which determined that the DISTRICT failed to offer B.W. a Free Appropriate Public Education ("FAPE") for the 2008-09 and 2009-10 school years and ordered the DISTRICT to pay a limited portion of B.W.'s tuition costs at the Windward School ("Windward") and the Eagle Hill School ("Eagle Hill"). In so ruling, the SRO held that, "[t]he [H]earing [R]ecord as a whole reflects that the June 2008 IEP and the April 2009 IEP, based on the information available to the CSE at the time they were developed, offered the student special education programs and related services that were reasonably calculated to enable the student to receive educational benefits." (SRO Dec., p. 29).[1] As a result, the SRO wrote that it was not necessary to address the appropriateness of the PARENTS' unilateral private placements for the years in question or whether equitable considerations support the PARENTS' claims. (SRO Dec., p. 30). The SRO also held that the Impartial Hearing Officer ("IHO") properly declined to address the PARENTS' claims that were not included in their underlying Impartial Hearing Demand, such as their claims related to the diagnosis of Pervasive Developmental Disorder ("PDD") referenced in the Physical Examination Form from Steven Cowan, M.D., dated March 29, 2006 ("Cowan Form"). (SRO Dec., p. 8). In addition, the SRO held that the IHO had properly held that the PARENTS' claims for the 2007-08 school year are time-barred, including their claim for reimbursement of B.W.'s tuition costs at Windward during the 2007-08 school year. (SRO Dec., pp. 8-10). Furthermore, the SRO, like the IHO, found that the DISTRICT's practice of purging e-mails did not rise to the level of spoliation of evidence. (SRO Dec., pp. 10-12).

4. By way of background, the PARENTS, through their attorneys, commenced the underlying Impartial Hearing against the DISTRICT by filing an Impartial Hearing Demand

---

[1] The SRO's Decision, entitled *Application of a Student with a Disability*, Appeal Nos. 11-059 & 11-061 (2011), dated July 20, 2011, is cited hereinafter as "SRO Dec., p. [appropriate page].

-2-

(hereinafter "Demand"), dated July 31, 2009, mailed August 4, 2009, and received by the DISTRICT on August 5, 2009. Among other things, the PARENTS sought tuition reimbursement from the DISTRICT for the PARENTS' unilateral private school placement of B.W. at Windward for the 2007-08 and 2008-09 school years and at Eagle Hill for the 2009-10 school year. (IHO I).[2]

5. In an Answer, by letter, dated August 14, 2009, the DISTRICT, through its attorneys, rejected the claims made and relief sought by the PARENTS in the Demand. (IHO II).

6. The underlying Impartial Hearing proceeded with hearing dates held on thirty (30) days between November 2009 and January 2011, to wit: November 4, 2009; November 5, 2009; November 25, 2009; December 8, 2009; January 11, 2010; January 25, 2010; January 27, 2010; February 8, 2010; March 8, 2010; March 9, 2010; March 10, 2009; March 11, 2010; April 8, 2010; April 13, 2010; April 14, 2010; April 15, 2010; June 3, 2010; June 7, 2010; June 8, 2010; June 25, 2010; July 21, 2010; July 26, 2010; July 27, 2010; September 27, 2010; October 5, 2010; October 28, 2010; November 15, 2010; November 29, 2010; December 13, 2010 and January 4, 2011.

7. After the submission of papers by the parties' attorneys in connection with the DISTRICT's Motion to Dismiss and the PARENTS' Cross Motion for a Directed Verdict around the time of the beginning of the hearing dates for the underlying Impartial Hearing, the IHO issued an Interim Order, dated November 29, 2009, in which she granted the DISTRICT's Motion by dismissing the PARENTS' claims for the 2007-08 school year as time-barred by the applicable statute of limitations and denied the PARENTS' Cross Motion. (IHO VII).

8. In so ruling, the IHO noted, "The Parents in the within matter…do not contend

---

[2] The Exhibits of the IHO entered into evidence at the underlying Impartial Hearing are cited hereinafter as "IHO [appropriate Roman numeral]."

that the facts, sub judice, are subsumed by the exceptions [to the statute of limitations] articulated in 20 U.S.C. §1415[f][3][D]. There are no allegations regarding School District 'misrepresentations' nor do [the PARENTS] claim any 'improper withholding of information.'" (IHO VII, p. 4)(citations omitted).

9. Toward the end of the hearing dates for the underlying Impartial Hearing, the parties' attorneys submitted papers in connection with the PARENTS' Motion for relief for alleged spoliation of evidence by the DISTRICT, to which the IHO reserved judgment on the issue for her Findings of Fact and Decision. (IHO VIII, IX, X).

10. After the end of the hearing dates for the underlying Impartial Hearing, pursuant to telephone conferences held by the parties' attorneys with the IHO on January 31, 2011, and February 2, 2011, the IHO accepted some additional documents into evidence at the request of the DISTRICT over the objection of the PARENTS. (Jan. 31, 2011 Conf. T, 3-19,[3] IHO XIII, XIV, XV, XVI).

11. The DISTRICT and the PARENTS, through its/their attorneys, subsequently submitted Post-Hearing Briefs to the IHO on April 8, 2011. (IHO XVII, XVIII).

12. In a Findings of Fact and Decision, dated May 4, 2011 ("IHO's Decision"), the IHO ruled partially in favor of the DISTRICT and partially in favor of the PARENTS. (IHO Dec., p. 89).[4] The IHO awarded the PARENTS a total of $19,000.00, of which $12,500.00 is for a portion of the costs for Windward during the 2008-09 school year and $6,500.00 is for a portion of the costs for Eagle Hill during the 2009-10 school year. (IHO Dec., p. 89). In so doing, the IHO indicated that the tuition reimbursement amounts that she awarded to the

---

[3] The Transcript of the telephone conference between the attorneys for the parties and the IHO which occurred on January 31, 2011 will be cited as "Jan. 31, 2011 Conf., T, [applicable pages]."

[4] The IHO's Decision, which is attached as Exhibit "A" to the PLAINTIFFS' Complaint, is cited hereinafter as "IHO Dec., p. [appropriate page]."

PARENTS were "reduced considerably" based on equitable considerations. (IHO Dec., p. 89). The IHO reiterated her prior dismissal of the PARENTS' tuition reimbursement claim for Windward for the 2007-08 school year as time-barred by the applicable statute of limitations. (IHO Dec., pp. 66-68). In addition, the IHO declined to address the PARENTS' claims that were not included in their underlying Impartial Hearing Demand, such as their claims related to the Cowan Form, the alleged inappropriateness of services generated by either the Committee on Preschool Special Education ("CPSE") or 504 Committees, the alleged termination of related services following the March 7, 2005 CPSE review meeting and the alleged intentional manufacture of CPSE meetings that they claimed not to have been held by the DISTRICT. (IHO Dec., pp. 64-66). Moreover, the IHO determined that the PARENTS were not entitled to reimbursement for costs of their private evaluations. (IHO Dec., pp. 84-85). Furthermore, the IHO found that the PARENTS did not meet their burden of proving spoliation of evidence by the DISTRICT. (IHO Dec., pp. 63-64).

13. On June 7, 2011, both the DISTRICT and the PARENTS, through its/their attorneys, separately appealed from the IHO's Findings of Fact and Decision for review by the SRO by serving upon each other and filing its/their respective Verified Petition and Memorandum of Law, dated June 7, 2011. A copy of the DISTRICT's Verified Petition to the SRO, dated June 7, 2011, is attached hereto as Exhibit "A". A copy of the DISTRICT's Memorandum of Law to the SRO, dated June 7, 2011, is attached hereto as Exhibit "B". A copy of the PARENTS' Verified Petition to the SRO, dated June 7, 2011, is attached hereto as Exhibit "C". A copy of the PARENTS' Memorandum of Law to the SRO, dated June 7, 2011, is attached hereto as Exhibit "D".

14. On June 17, 2011, both the DISTRICT and the PARENTS, through its/their attorneys, joined issue before the SRO by serving upon each other and filing its/their respective

Verified Answer and Memorandum of Law, dated June 17, 2011. A copy of the DISTRICT's Verified Answer to the SRO, dated June 17, 2011, is attached hereto as Exhibit "E". A copy of the DISTRICT's Memorandum of Law to the SRO, dated June 17, 2011, is attached hereto as Exhibit "F". A copy of the PARENTS' Verified Answer to the SRO, dated June 17, 2011, is attached hereto as Exhibit "G". A copy of the PARENTS' Memorandum of Law to the SRO, dated June 17, 2011, is attached hereto as Exhibit "H".

15. In a Decision, dated July 20, 2011 ("SRO's Decision"), the SRO ruled in favor of the DISTRICT and annulled the portions of the IHO's Decision, which determined that the DISTRICT failed to offer B.W. a FAPE for the 2008-09 and 2009-10 school years and ordered the DISTRICT to pay a limited portion of B.W.'s tuition costs at Windward and Eagle Hill. In so ruling, the SRO held that, "[t]he [H]earing [R]ecord as a whole reflects that the June 2008 IEP and the April 2009 IEP, based on the information available to the CSE at the time they were developed, offered the student special education programs and related services that were reasonably calculated to enable the student to receive educational benefits." (SRO Dec., p. 29).[5] As a result, the SRO wrote that it was not necessary to address the appropriateness of the PARENTS' unilateral private placements for the years in question or whether equitable considerations support the PARENTS' claims. (SRO Dec., p. 30). The SRO also held that the IHO properly declined to address the PARENTS' claims that were not included in their underlying Impartial Hearing Demand, such as their claims related to the diagnosis of PDD referenced in the Cowan Form. (SRO Dec., p. 8). In addition, the SRO held that the IHO had properly held that the PARENTS' claims for the 2007-08 school year are time-barred, including their claim for reimbursement of B.W.'s tuition costs at Windward during the 2007-08 school

---

[5] The SRO's Decision, entitled *Application of a Student with a Disability*, Appeal Nos. 11-059 & 11-061 (2011), dated July 20, 2011, is cited hereinafter as "SRO Dec., p. [appropriate page].

year. (SRO Dec., pp. 8-10). Furthermore, the SRO, like the IHO, found that the DISTRICT's practice of purging e-mails did not rise to the level of spoliation of evidence. (SRO Dec., pp. 10-12).

16. On November 14, 2011, the PARENTS, through its attorneys, commenced the within action by filing the PLAINTIFFS' Complaint, dated November 14, 2011 ("PLAINTIFFS' Complaint"), seeking judicial review of the SRO's Decision by the United States District Court, Southern District of New York, pursuant to the provisions of IDEIA, 20 U.S.C. §1415(i)(2)(A). (Complaint, ¶ 4).

17. On January 23, 2012, the DISTRICT, through its attorneys, filed an Answer to the PLAINTIFFS' Complaint, dated January 23, 2012.

18. On February 10, 2012, the DISTRICT, through its attorneys, filed an Amended Answer to the PLAINTIFFS' Complaint, dated February 10, 2012.

19. Pursuant to an Initial Conference/Pre-Motion Conference held before the Court on March 28, 2012, the parties were permitted to file Cross-Motions for Summary Judgment and the DISTRICT was permitted to file a Second Amended Answer on consent.

20. On April 16, 2012, the DISTRICT, through its attorneys, filed a Second Amended Answer to the PLAINTIFFS' Complaint, dated April 16, 2012.

21. Copies of court case decisions that are unreported or reported exclusively on computerized databases cited by the DISTRICT in its Memorandum of Law in Support of DISTRICT's Cross Motion for Summary Judgment, dated May 25, 2012, are attached hereto as Exhibits "I" through "O."

**WHEREFORE,** the DEFENDANT, RYE CITY SCHOOL DISTRICT ("DISTRICT"), based upon this Declaration of RALPH C. DeMARCO, dated May 25, 2012, the Memorandum of Law in Support of DISTRICT's Cross Motion for Summary Judgment, dated May 25, 2012,

the DISTRICT's Statement of Undisputed Facts Pursuant to Local Rule 56.1, dated May 25, 2012, the documents contained in the Record of the underlying Special Education Impartial Hearing ("Hearing Record") and upon all the prior proceedings herein, respectfully requests that the Court issue an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, upholding the SRO's Decision, dated July 20, 2011, and awarding the DISTRICT Summary Judgment dismissing the PLAINTIFFS' Complaint, dated and filed on November 14, 2011, in its entirety; that the Court award reasonable attorneys' fees to the DISTRICT as a prevailing party against the PARENTS and/or their attorneys pursuant to IDEIA, 20 U.S.C. §1415(i)(3)(B); that the Court grant the DISTRICT attorneys' fees, costs and disbursements in connection with this action; and that the Court grant such other and further relief as it may deem just and proper.

Dated: White Plains, New York
May 25, 2012

_____
RALPH C. DeMARCO (RD 1339)